UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

 JESSICA MISENER,

                                    Plaintiff,

      v.                                                    Civil Action No. _____

CREDIT PROTECTION ASSOCIATION, L.P.

                                    Defendant.

———————————————————————————

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  This is an action for actual and statutory damages brought in response to Defendants'
    violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter
    "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and
    unfair practices, and the Telephone Consumer Protection Act of 1991 (hereinafter
    referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3.  Plaintiff's cause of action under the TCPA is predicated upon the same facts and
    circumstances that give rise to their federal cause of action.  As such, this Court has
    supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C.
    §1367.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact
    business here and the conduct complained of occurred here.

### III. PARTIES

5.  Plaintiff Jessica Misener  is a natural person residing in the County of Erie and State of
    New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6.  Defendant Credit Protection Association, L.P. is a foreign business corporation organized
    and existing under the laws of the State of Texas and is a "debt collector" as that term is
    defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendant, Credit Protection Association, L.P., alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. At all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

10. Defendant at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

11. At all times relevant herein, Defendant have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

12. Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

13. Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

14. Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

17. Plaintiff allegedly incurred a utility bill with National Fuel Gas Corporation. This debt will be referred to as "the subject debt."

18. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Upon information and belief, Plaintiff allegedly thereafter defaulted on the subject debt.

20. Upon information and belief, Defendant was employed by the original or subsequent creditor to collect on the subject debt.

21. In or about January 13, 2014, Defendant began calling Plaintiff on her cellular telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

22. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

23. Plaintiff never gave permission or consent to Defendant to call her cellular telephone.

24. That during one of the aforementioned telephone calls, Plaintiff informed the Defendant to not contact her on her cell phone.

25. In or about January, 2014, Plaintiff's friend contacted Defendant regarding payment of the subject debt. That Defendant did not verify that they had permission to speak to Plaintiff's friend. That Defendant never had Plaintiff's authorization to speak to anyone else about Plaintiff's debt. That during this conversation the Defendant disclosed the existence of the alleged subject debt, including the balance.

26. That in or about March 3, 2014, Defendant sent the Plaintiff correspondence stating that if she did not pay the alleged subject debt, that the Defendant would within the next 30 days report it on her credit report.

27. That Defendant never reported the alleged debt on Plaintiff's credit report within 30 days of the date of the correspondence to the Plaintiff.

28. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

29. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

A.  Defendant  violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

B.  Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence of the alleged subject debt to Plaintiff's friend

C.  Defendant violated 15 U.S.C. §1692e(5) by calling the Plaintiff using an automated dialing system and/or leaving automated or pre-recorded messages on her cellular telephone without her prior express consent.

D.  Defendant violated 115 U.S.C. §1692d, 15 U.S.C. §1692e, U.S.C. §1692e(2), 15 U.S.C. §1692e(5), and15 U.S.C. §1692e(10) by stating that they would report the alleged subject debt on Plaintiff's credit report.

31. That as a result of the Defendant FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**VI. COUNT TWO**
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

32. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

33. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an  artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

34. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

4

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

39. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

40. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  April 4, 2014

>/s Seth J. Andrews, Esq
>Seth J. Andrews, Esq.
>Kenneth R. Hiller, Esq.
>Law Offices of Kenneth Hiller, PLLC
>*Attorneys for the Plaintiff*
>6000 North Bailey Ave., Suite 1A
>Amherst, NY 14226
>(716) 564-3288
>Email:sandrews@kennethhiller.com
>        khiller@kennethhiller.com